IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERTINA DANIELS              :

   v.                          :
                              CIVIL ACTION NO. PWG-09-2834
MICHAEL J. ASTRUE              :
COMMISSIONER OF SOCIAL
SECURITY                       :

**MEMORANDUM**

Robertina Daniels (sometimes referred to as "Ms. Daniels" or "Claimant") filed this action seeking judicial review pursuant to 42 U.S.C. § 405 (g) of the final decision of the Commissioner of Social Security denying her application for Waiver of Overpayment of Disability Insurance Benefits ("DIB"). This case was referred to me for all proceedings and the entry of a final judgment pursuant to 28 U.S.C. § 636 (c) and Local Rule 301. (ECF No. 8). Pending are the parties cross Motions for Summary Judgment. (ECF Nos. 17 & 30). No hearing is necessary. Local Rule 105.6 (D. Md.). For the reasons stated herein, the Defendant's Motion is GRANTED, and the Plaintiff's Motion is DENIED.

                    **I.    PROCEDURAL HISTORY**

Ms. Daniels originally was found to be entitled to disability benefits as of April 14, 1993 due to pulmonary fibrosis and migraine headaches. (Tr. 11). On November 13,

2005, the Social Security Administration notified Claimant that she had been overpaid Title II benefits in the amount of $7,690.20. (Tr. 36). On February 17, 2006, Ms. Daniels filed a request for waiver of overpayment. (Tr. 42-49). In correspondence dated August 7, 2006, the SSA notified Claimant that her request for waiver could not be approved on the facts they had available at that time, and that she was entitled to a personal conference. Following her personal conference, the SSA sent a letter dated August 29, 2006, notifying Claimant that her request for waiver was denied, and that she had been overpaid a total of $7,690.20[1].(Tr. 60).

Claimant subsequently filed a Request for hearing. (Tr. 65). A hearing was held before Administrative Law Judge William B. Lissner ("ALJ"), on May 15, 2007, Ms. Daniels, who was not represented by counsel, appeared and testified. (Tr. 119-132). In a decision dated June 15, 2007, the ALJ found that the Claimant was overpaid benefits in the amount of $7,690.20, that she was not without fault in causing this overpayment and, therefore, recovery could not be waived. (Tr. 13). The Appeals Council denied Ms. Daniels' request for review on August 26, 2009, adopting the ALJ's decision as the "final decision" of the Commissioner. (Tr. 3-7).

---

[1] The amount of overpayment is in dispute.

## II. STANDARD OF REVIEW

The Commissioner's decision must be upheld if supported by substantial evidence which is more than a scintilla, but less than a preponderance, and sufficient to support a conclusion in a reasonable mind. *See* 42 U.S.C. §405(g) (1998); *see also King v. Califano*, 599 F.2d 597 (4th Cir. 1979); *Teague v. Califano*, 560 F.2d 615 (4th Cir. 1977); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966). This Court may not weigh conflicting evidence, determine credibility, or substitute its judgment for the Commissioner's. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Although deferential, this standard of review does not require acceptance of a determination by the Commissioner which applies an improper standard, or misapplies the law. *See Coffman v. Bowen*, 829 F.2d 514, 517(4th Cir. 1987). Following its review this Court may affirm, modify or reverse the Commissioner, with or without a remand. 42 U.S.C. §405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

## III. DISCUSSION

It is undisputed that Ms. Daniels was overpaid. She argues, however, that she is entitled to a waiver of recoupment because she was not at fault with respect to the overpayment. 20 CFR §404.507. The Commissioner argues that the ALJ's finding that Ms. Daniels was not without fault is supported by substantial evidence.

The Social Security Act permits waiver of overpayment only if the beneficiary can demonstrate both that he or she is without fault and that recoupment would defeat the purpose of the Act or recovery would be against equity and good conscience. 42 USC §404(b) [2]; 20 CFR §404.509.  If the Commissioner determines that a claimant is at fault for the overpayment, the inquiry ends.  *See Garnett v. Sullivan*, 905 F.2d 778,782 (4th Cir. 1990).  The Plaintiff carries the burden of proof on these issues. *Bray v. Bowen*, 854 F.2d 685,687 (5th Cir. 1988).

Neither good faith nor the absence of bad faith suffices to establish that the overpaid individual is without fault. *Center v. Schweiker,* 704 F.2d 678, 679-80 (2d Cir. 1983). While the Act itself does not define "fault", the Secretary's implementing regulations, in relevant part, provide the following definition:

> [I]n determining whether an individual is at fault, the Social Security Administration will consider all pertinent circumstances, including the individual's age and intelligence, and any physical, mental, educational, or linguistic limitations...the individual has. What constitutes fault...on the part

---

[2] Section 404 (b) provides:
  [I]n any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such an adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience.
  42 U.S.C. §404(b).

4

>   of the overpaid individual...depends on whether the facts show that the incorrect payment to the individual...resulted from:
>   (a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or
>   (b) Failure to furnish information which he knew or should have known to be material; or
>   (c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.

20 CFR §404.507.

In determining that Claimant was "not without fault", the ALJ properly discussed the second and third criteria in 20 CFR §404.507. Claimant contends that the ALJ's findings with respect to fault are not supported by substantial evidence. I disagree.

All that is required by the Regulation is a finding that Claimant failed to furnish information that she knew, or should have known, was material, or that she accepted a payment that she knew, or could have been expected to know, was incorrect. The question in this case is whether the ALJ's finding that Claimant should have known of her duty to report earnings and/or could have been expected to know that the payments she accepted were incorrect is supported by substantial evidence.

The ALJ discussed Ms. Daniels' education and employment, which included her ability to teach nursing classes and her personal circumstances. For example, the ALJ stated:

5

> [T]he Claimant was working since October 1999; she completed a work report in October 2000, so she knew or should have known how work activity would affect her Social Security benefits. She was mailed work enforcement notices in 2002 and 2003. (Tr. 13).

The ALJ noted that Claimant reported her work activity in October 2000 and that this demonstrated that she knew, or should have known, the impact that continuing work had on her entitlement to benefits.(Tr. 12-13, 23). Furthermore as early as April 2003, the Social Security Administration ("SSA") sent Claimant a notice about work activity. This correspondence, in relevant part, states:

> [y]ou must tell us right away about any changes that may affect your benefits. If you don't you may have to repay any benefits you are not due. Let us know if: You went to work since your last report or you return to work in the future(no matter how little you earn)....We will use this information to decide if your health problems still meet our rules, if we must stop your payments because of your work, or if we must change your payment amount.

(Tr. 22, 128).

The fault determination requires the decision-maker to evaluate whether a reasonable person, possessing the same mental and physical limitations as the claimant, could believe that he was entitled to continued social security benefits. *Harrison v. Heckler*, 746 F.2d 480,482 (9th Cir. 1984). The Agency "will consider all pertinent circumstances, including age, intelligence, education, and physical and mental conditions." 20 CFR § 404.507. The ALJ's decision provides an adequate

6

discussion of how he considered the facts he relied upon to support his finding that the Ms. Daniels should have been aware that she was not entitled to benefits while working.

Ms. Daniels' next contends that the ALJ was required, but failed, to make a specific credibility finding. When credibility is a critical factor in determining whether a Claimant was without fault, the ALJ is required to state explicitly whether she believed the witnesses testimony. *Valente v. Sec'y of Health and Human Servs.*, 733 F. 2d 1037, 1044 (2d Cir. 1984).

After review of the record, this argument is without merit. In her testimony, Claimant acknowledged that she sent in various work reports to the Agency, and that she received at least one Notice of Disability Cessation. These documents clearly contain language that explains the possible consequences of failure to furnish information regarding compensated working, and that the information provided may affect whether a person receiving benefits was eligible to continue to receive them. (Tr. 18, 22, 127-128). Ms. Daniels' acknowledged that she received these notices, and there is no reason to suspect that she had any difficulty understanding them. Ms. Daniels is highly educated, clearly literate, and worked as a nursing instructor. Therefore the ALJ's finding that she should have known her duty

7

to report work activity and the implications of same was based properly on objective evidence and is substantially supported without having to determine the credibility of Ms. Daniels' statements.

Accordingly, the ALJ properly considered all relevant regulatory factors, adequately explained the reasons for his determinations and his decision is supported by substantial evidence.

## IV. CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's Motion and GRANTS the Commissioner's Motion. A separate Order shall issue.

Dated: 11/14/12                _____/s/_____
                               Paul W. Grimm
                               United States Magistrate Judge